30370: BBK : jdc                                           Attorney No. 6273546

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| JACOB LAZCANO, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES, | ) |
| THE UNITED STATES | ) |
| POSTAL SERVICE, and | ) |
| VOLODYMYR RISHKO | ) |
|  | ) |
| Defendants. | ) |

### COMPLAINT

NOW COMES Plaintiff, JACOB LAZCANO, by and through their attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendants, UNITED STATES, UNITED STATES POSTAL SERVICE, and VOLODYMYR RISHKO, and states as follows;

### JURISDICTION

1. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. § 1331. (28 U.S.C.A. Chapter 85, §1331). The jurisdiction of this Court is invoked to adjudicate a civil action arising under the Constitution, laws, or treaties of the United States.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). (28 U.S.C.A. Chapter 85 § 1391(b). Defendant, UNITED STATES POSTAL SERVICE, is an independent agency of the United States Federal Government responsible for providing postal services in the Northern District of Illinois and the injuries of which Plaintiff complains occurred in the Northern District of Illinois.

3. The Court also has pendent jurisdiction as provided under 28 U.S.C. 1367(a).

## INTRODUCTION

4. This is a civil action seeking monetary damages against Defendants for committing acts or omissions of negligence against Plaintiff

5. This case arises from violent motor vehicle accident where the Defendant collided with the bicycle operated by the Plaintiff causing injuries to Plaintiff's person.

6. Plaintiff brings his claim against the U.S. pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq, and 28 U.S.C. § 1346(b)(1), Monetary damages as compensation for personal injury caused by negligent acts and/or omissions of employees of the U.S. under circumstances wherein the U.S. would be liable to the Plaintiff under the laws of Illinois.

7. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

8. This suit is timely filed in that Plaintiff timely served notice of his claim on July 3, 2016 with the United States Post Office. Receipt of said notice of claim was acknowledged in writing on July, 13, 2016. At that time Plaintiff attempted to negotiate settlement of his claim and ultimately received a denial of liability in a letter dated December 29, 2016. The Government has rejected any further attempts to negotiate a settlement.

## COUNT I – JACOB LAZCANO vs. UNITED STATES

9. That on or about July 3, 2014, and at all relevant times herein, Defendant, UNITED STATES was an independent agency of the United States Federal Government responsible for providing postal services in the Northern District of Illinois.

10. That on or about July 3, 2014, RISHKO VOLODYMYR, an employee and/or authorized ostensible agent of the Defendant, UNITED STATES operated, controlled and drove a motor vehicle traveling in a generally Westbound direction on Lawrence Avenue at or near its intersection with N. Kimball Avenue, in the City of Chicago, County of Cook, State of Illinois.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant, UNITED STATES owned and maintained said motor vehicle then and there operated, controlled and driven by said employee and/or authorized or ostensible agent of the Defendant.

12. That at the aforesaid time and place, and at all relevant times herein, said employee and/or ostensible agent of the Defendant, operated, controlled and drove said motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, RISHKO VOLODYMYR.

13. That at the aforesaid time and place, and all relevant times herein, said employee and/or authorized and/or ostensible agent of the Defendant, operated, controlled and drove said motor vehicle within the scope of his employment for the Defendant, and/or for purposes of the Defendant.

14. That at the aforesaid time and place, and at all relevant times herein, the Defendant had a right of control over said employee and/or authorized and/or ostensible agent, in the operation of the aforesaid motor vehicle.

15. That at the aforesaid time and place, and at all relevant times herein, said employee and/or authorized agent of the Defendant, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, JACOB LAZCANO, to believe that he was an employee and/or authorized agent of the Defendant.

16. That at the aforesaid time and all relevant times herein, Plaintiff, JACOB LAZCANO operated, controlled and drove a bicycle traveling Westbound direction on Lawrence Avenue at or near its intersection with N. Kimball Avenue, in the City of Chicago, County of Cook, State of Illinois.

17. That at the aforesaid time and place, the Defendant as owner and principal through its agent/employee and/or ostensible agent did then and there drive said motor vehicle into a violent collision with the bicycle in which Plaintiff, JACOB LAZCANO, was operating.

18. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

19. That the aforesaid time and place, the Defendant, UNITED STATES, as owner and principal through its agent, said employee and/or authorized or ostensible agent, owed a duty to the Plaintiff and to the public generally to exercise the highest care and caution in the operation of said motor vehicle.

20. That at the aforesaid time and place, the Defendant, UNITED STATES as owner and principal through its agent, said employee and/or authorized or ostensible agent, breached the aforesaid duty to the Plaintiff through one or more of the following acts and/or omissions:

(a) operated, controlled and drove said motor vehicle into collision with Plaintiff's bicycle, which was the proximate cause of the injuries to the Plaintiff;

(b) failed to keep said motor vehicle under proper and sufficient control;

(c) operated, controlled and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d) operated, controlled and drove said motor vehicle without keeping a proper and sufficient lookout;

(e) failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

(g)  failed to yield the right-of-way to plaintiff's vehicle in violation of 625 ILCS 5/11-901;

(h)  was otherwise careless and negligent.

21.  As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, UNITED STATES, the Plaintiff, JACOB LAZCANO suffered injuries and damages, of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, JACOB LAZCANO, demands judgment against the Defendant, UNITED STATED, for a sum in excess of THREE HUNDRED THOUSAND (300,000.00) DOLLARS, plus costs of this suit.

## COUNT II – JACOB LAZCANO vs. UNITED STATES POSTAL SERVICE

22.  That on or about July 3, 2014, and at all relevant times herein, Defendant, UNITED STATES POSTAL SERVICE was an independent agency of the United States Federal Government responsible for providing postal services in the Northern District of Illinois.

23.  That on or about July 3, 2014, RISHKO VOLODYMYR, an employee and/or authorized ostensible agent of the Defendant, UNITED STATES POSTAL SERVICE operated, controlled and drove a motor vehicle traveling in a generally Westbound direction on Lawrence Avenue at or near its intersection with N. Kimball Avenue, in the City of Chicago, County of Cook, State of Illinois.

24.  That at the aforesaid time and place, and at all relevant times herein, the Defendant, UNITED STATES POSTAL SERVICE owned and maintained said motor vehicle then and there operated, controlled and driven by said employee and/or authorized or ostensible agent of the Defendant.

25. That at the aforesaid time and place, and at all relevant times herein, said employee and/or ostensible agent of the Defendant, operated, controlled and drove said motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant, RISHKO VOLODYMYR.

26. That at the aforesaid time and place, and all relevant times herein, said employee and/or authorized and/or ostensible agent of the Defendant, operated, controlled and drove said motor vehicle within the scope of his employment for the Defendant, and/or for purposes of the Defendant.

27. That at the aforesaid time and place, and at all relevant times herein, the Defendant had a right of control over said employee and/or authorized and/or ostensible agent, in the operation of the aforesaid motor vehicle.

28. That at the aforesaid time and place, and at all relevant times herein, said employee and/or authorized agent of the Defendant, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, JACOB LAZCANO, to believe that he was an employee and/or authorized agent of the Defendant.

29. That at the aforesaid time and all relevant times herein, Plaintiff, JACOB LAZCANO operated, controlled and drove a bicycle traveling Westbound direction on Lawrence Avenue at or near its intersection with N. Kimball Avenue, in the City of Chicago, County of Cook, State of Illinois.

30. That at the aforesaid time and place, the Defendant as owner and principal through its agent/employee and/or ostensible agent did then and there drive said motor vehicle into a violent collision with the bicycle in which Plaintiff, JACOB LAZCANO, was operating.

31. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

32. That the aforesaid time and place, the Defendant, UNITED STATES POSTAL SERVICE, as owner and principal through its agent, said employee and/or authorized or ostensible agent, owed a duty to the Plaintiff and to the public generally to exercise the highest care and caution in the operation of said motor vehicle.

33. That at the aforesaid time and place, the Defendant, UNITED STATES POSTAL SERVICE as owner and principal through its agent, said employee and/or authorized or ostensible agent, breached the aforesaid duty to the Plaintiff through one or more of the following acts and/or omissions:

(a) operated, controlled and drove said motor vehicle into collision with Plaintiff's bicycle, which was the proximate cause of the injuries to the Plaintiff;

(b) failed to keep said motor vehicle under proper and sufficient control;

(c) operated, controlled and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d) operated, controlled and drove said motor vehicle without keeping a proper and sufficient lookout;

(e) failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

(g) failed to yield the right-of-way to plaintiff's vehicle in violation of 625 ILCS 5/11-901;

(h) was otherwise careless and negligent.

34. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, UNITED STATES POSTAL SERVICE, the Plaintiff, JACOB LAZCANO suffered injuries and damages, of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, JACOB LAZCANO, demands judgment against the Defendant, UNITED STATED POSTAL SERVICE, for a sum in excess of THREE HUNDRED THOUSAND (300,000.00) DOLLARS, plus costs of this suit.

## COUNT III JACOB LAZCANO vs. RISHKO VOLODYMYR

35. That at or about July 3, 2014, and all relevant times herein, the Defendant, RISHKO VOLODYMYR, maintained, drove and controlled a motor vehicle, traveling in a generally Westbound direction on Lawrence Avenue at or near its intersection with N. Kimball Avenue, in the City of Chicago, County of Cook, State of Illinois.

36. That at aforesaid time, and all relevant times herein, Plaintiff, JACOB LAZCANO, was operating a bicycle traveling in a generally Westbound direction on Lawrence Avenue at or near its intersection with N. Kimball Avenue, in the City of Chicago, County of Cook, State of Illinois.

37. That at the aforesaid time and place, and at all relevant times herein, the Defendant, RISHKO VOLODYMYR, did then and there drive said motor vehicle into a violent, collision with the bicycle in which Plaintiff was a passenger.

38. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for his own safety and the safety of others; that care being commensurate with his

age, intellect and mental capacity and with the physical circumstances existent at such time and place.

39. At the aforesaid time and place and at all relevant times herein, the Defendant, RISHKO VOLODYMYR, owed a duty to the Plaintiff, and to the public generally, to exercise due and proper care and caution in the operation of the said motor vehicle.

40. That at the aforesaid time and place and all relevant times herein, the Defendant, RISHKO VOLODYMYR, breached the aforesaid duty to the Plaintiff through one or more of the following negligent and careless acts and/or omissions:

(a) owned, operated, controlled, and drove said motor vehicle into collision with the bicycle in which Plaintiff was a passenger;

(b) failed to keep said motor vehicle under proper and sufficient control;

(c) operated, controlled, and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d) operated, controlled, and drove said motor vehicle without keeping a proper and sufficient lookout;

(e) failed to decrease speed so as to avoid colliding with the vehicle in which Plaintiff was a passenger in violation of 625 ILCS 5/11-601;

(f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

(g) failed to yield the right-of-way to Plaintiff's vehicle in violation of 625 ILCS 5/11-904.

41. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, RISHKO VOLODYMYR, Plaintiff, JACOB LAZCANO, suffered injuries and damages of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, JACOB LAZCANO, prays for judgment against Defendant, RISHKO VOLODYMYR, in such an amount in excess of this Court's jurisdictional requisite as

will fairly and adequately compensate Plaintiff for his injuries, losses and damages as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair and just.

/s/Benjamin B. Kelly
Benjamin B. Kelly (electronic signature)

**THE VRDOLYAK LAW GROUP**
Benjamin B. Kelly
741 N. Dearborn Street
Chicago, IL, 60654
(312) 482-8200
Attorney No. 41535