30370: BBK: sas                                                      Attorney No. 41535

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JACOB LAZCANO, | ) |
| Plaintiff, | ) No.: 17 CV 02969 |
| v. | ) |
| UNITED STATES, | ) |
| Defendant. | ) |

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, JACOB LAZCANO, by and through his attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendant, UNITED STATES, states as follows;

### JURISDICTION

1. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. § 1331. (28 U.S.C.A. Chapter 85, §1331). The jurisdiction of this Court is invoked to adjudicate a civil action arising under the Constitution, laws, or treaties of the United States.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). (28 U.S.C.A. Chapter 85 § 1391(b). That the, UNITED STATES POSTAL SERVICE, is an agency of the UNITED STATES and is esponsible for providing postal services in the Northern District of Illinois and the injuries of which Plaintiff complains occurred in the Northern District of Illinois.

3. The Court also has pendent jurisdiction as provided under 28 U.S.C. 1367(a).

## INTRODUCTION

4. This is a civil action seeking monetary damages against Defendant for committing acts or omissions of negligence against Plaintiff

5. This case arises from violent motor vehicle accident where an employee of the United States Postal Service, and thereby an employee of the Defendant United States, collided with the bicycle operated by the Plaintiff causing injuries to Plaintiff's person.

6. Plaintiff brings his claim against the U.S. pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq, and 28 U.S.C. § 1346(b)(1), Monetary damages as compensation for personal injury caused by negligent acts and/or omissions of employees of the U.S. under circumstances wherein the U.S. would be liable to the Plaintiff under the laws of Illinois.

7. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

## ALLEGATIONS

8. That on or about July 3, 2014, and at all relevant times herein, Defendant, UNITED STATES was an independent agency of the United States Federal Government responsible for providing postal services in the Northern District of Illinois.

9. That on or about July 3, 2014, Rishko Volodymyr, an employee and/or authorized ostensible agent of the Defendant, UNITED STATES operated, controlled and drove a motor vehicle traveling in a generally Westbound direction on Lawrence Avenue at or near its intersection with N. Kimball Avenue, in the City of Chicago, County of Cook, State of Illinois.

10. That on or about July 3, 2014 and at all relevant times herein, the Defendant, UNITED STATES owned and maintained said motor vehicle then and there operated, controlled and driven by said employee and/or authorized or ostensible agent of the Defendant.

11. That at the aforesaid time and place, and at all relevant times herein, said employee and/or ostensible agent of the Defendant, operated, controlled and drove said motor vehicle with the knowledge, consent and express and/or implied permission of the Defendant.

12. That at the aforesaid time and place, and all relevant times herein, said employee and/or authorized and/or ostensible agent of the Defendant, operated, controlled and drove said motor vehicle within the scope of his employment for the Defendant, and/or for purposes of the Defendant.

13. That at the aforesaid time and place, and at all relevant times herein, the Defendant had a right of control over said employee and/or authorized and/or ostensible agent, in the operation of the aforesaid motor vehicle.

14. That at the aforesaid time and place, and at all relevant times herein, said employee and/or authorized agent of the Defendant, was conducting himself in such a manner as to cause members of the general public, including the Plaintiff, JACOB LAZCANO, to believe that he was an employee and/or authorized agent of the Defendant.

15. That at the aforesaid time and all relevant times herein, Plaintiff, JACOB LAZCANO operated, controlled and drove a bicycle traveling Westbound direction on Lawrence Avenue at or near its intersection with N. Kimball Avenue, in the City of Chicago, County of Cook, State of Illinois.

16. That at the aforesaid time and place, the Defendant as owner and principal through its agent/employee and/or ostensible agent did then and there drive said motor vehicle into a violent collision with the bicycle in which Plaintiff, JACOB LAZCANO, was operating.

17. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her

age, intellect and mental capacity and with the physical circumstances existent at such time and place.

18. That the aforesaid time and place, the Defendant, UNITED STATES, as owner and principal through its agent, said employee and/or authorized or ostensible agent, owed a duty to the Plaintiff and to the public generally to exercise the highest care and caution in the operation of said motor vehicle.

19. That at the aforesaid time and place, the Defendant, UNITED STATES as owner and principal through its agent, said employee and/or authorized or ostensible agent, breached the aforesaid duty to the Plaintiff through one or more of the following acts and/or omissions:

(a) operated, controlled and drove said motor vehicle into collision with Plaintiff's bicycle, which was the proximate cause of the injuries to the Plaintiff;

(b) failed to keep said motor vehicle under proper and sufficient control;

(c) operated, controlled and drove said motor vehicle so that as a direct and proximate result thereof, Plaintiff was injured;

(d) operated, controlled and drove said motor vehicle without keeping a proper and sufficient lookout;

(e) failed to decrease speed so as to avoid colliding with Plaintiff, in violation of 625 ILCS 5/11-601;

(f) failed to give an audible warning with horn when such warning was reasonably necessary to insure safety, in violation of 625 ILCS 5/12-601;

(g) failed to yield the right-of-way to plaintiff's vehicle in violation of 625 ILCS 5/11-901; and

(h) was otherwise careless and negligent.

20. As a direct and proximate result of one or more of the aforesaid negligent and careless acts and/or omissions of the Defendant, UNITED STATES, the Plaintiff, JACOB LAZCANO suffered injuries and damages, of a personal, pecuniary and permanent nature.

WHEREFORE, Plaintiff, JACOB LAZCANO, demands judgment against the Defendant, UNITED STATES, for a sum in excess of THREE HUNDRED THOUSAND (300,000.00) DOLLARS, plus costs of this suit.

/s/Benjamin B. Kelly
Benjamin B. Kelly (electronic signature)

**THE VRDOLYAK LAW GROUP**
Benjamin B. Kelly
741 N. Dearborn Street
Chicago, IL, 60654
(312) 482-8200
Attorney No. 41535